John C. Smiley (#5-2381)
jsmiley@lindquist.com
Ethan J. Birnberg (#7-4761)
ebirnberg@lindquist.com
LINDQUIST & VENNUM L.L.P.
600 17th Street, Suite 1800-S
Denver, Colorado 80202
Phone: (303) 573-5900
Facsimile: (303) 573-1956
Counsel for the Official Unsecured Creditors' Committee

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WESTERN BIOMASS ENERGY LLC, | ) | Case No. 12-21085 |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| | ) | |

**MOTION TO CONVERT CASE TO CHAPTER 7 OR, IN THE ALTERNATIVE,
MOTION FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE**

The Official Unsecured Creditors' Committee ("Committee"), through its counsel, moves for conversion to chapter 7 or, in the alternative, appointment of a chapter 11 Trustee. To support this motion, the Committee states:

### BACKGROUND

1. Western Biomass Energy, LLC ("Debtor") filed this Chapter 11 proceeding on October 31, 2012 (the "Petition Date").

2. Blue Sugars Corporation ("Blue Sugars") is an entity that owns 64% of the Debtor. Blue Sugars was formerly known as KL Process Design Group LLC and KL Energy Corporation. The Debtor alleges that Blue Sugars is its parent company.

3. The Debtor's manager is Thomas J. Bolan. Mr. Bolan is also an officer of Blue Sugars. The Debtor's only other officer, Peter Gross, is also an officer of Blue Sugars. The Debtor and Blue Sugars share the same principal address in South Dakota.

4. Blue Sugars and the Debtor are not truly separate operations; Blue Sugars is the only source of funding for the Debtor's operations, and revenues generated by the Debtor are paid to Blue Sugars.

5. On December 6, 2012, at the 11 U.S.C. § 341 hearing, Mr. Bolan testified that he filed an amended security agreement on behalf of Blue Sugars, and against the Debtor, 6 days before the Petition Date. Mr. Bolan testified that Blue Sugars gave the Debtor "cash" to receive the security interest, but could not recall the dollar amount.

6. Blue Sugars' secured claim is in the amount of $1,942,778.33, and has an unsecured claim for $29,902,534.86. *See* Dkt. # 43.

7. During the month preceding the Petition Date, the Debtor sold pieces of equipment, including an extruder and hydroblaster. On information and belief, the proceeds from these sales were given to Blue Sugars.

8. The equipment sold pre-petition was subject to a secured lien held by Security National Bank of Omaha (the "Bank"). The Bank was not notified of the sale of its collateral and did not receive proceeds from the sale.

9. The Debtor has no operating revenue, no business, and no income. *See* Monthly Operating Report ("MOR"), Dkt. # 30 (November), Dkt. # 63 (December).

10. Blue Sugars provided the Debtor with post-petition financing in the amount of $50,000.00 in November and $23,000.00 in December. *See* Dkt. Nos. 30, 63.

DOCS-#3829675-v1

11. The post-petition financing was outside of the ordinary course of Debtor's business and was provided without Court approval.

12. The Debtor used the unauthorized $50,000.00 post-petition loan from Blue Sugars to report a positive cash flow of $12,057.00 for the month of November. *See* MOR, Dkt. # 30. The Debtor's actual cash flow was negative in the amount of $37,943.00. *Id.*

13. Again without Court authority or notice to the trustee or other creditors, Blue Sugars provided a second post-petition loan of $23,000.00. *See* MOR, Dkt. # 63. Using these funds as cash receipts, the Debtor reported negative cash flow in the amount of $14,656.00 for the month of December.

## PENDING MOTIONS FILED IN THIS CASE

14. On December 7, 2012, the Debtor moved for authority to receive $250,000.00 in post-petition financing from Blue Sugars. *See* Debtor's Motion, Dkt. # 20. The Debtor has offered Blue Sugars a superpriority lien against all of its property for the loan. Debtor's motion is set for hearing on February 22, 2013.

15. Blue Sugars (through its former name KL Energy Corporation) entered into an agreement with Petróleo Brasileiro S.A. or Petrobras, the fifth largest energy company in the world ("Petrobras"), to "partially retrofit" the Debtor's plant. *See* Debtor's Motion, Dkt. # 20, ¶ 6. For this project, the Debtor contracted with its creditors to perform construction work and provided other goods and services.

16. The contract with Petrobras provides Blue Sugars with revenue. The principals of Blue Sugars and the Debtor structured operations such that debt was incurred by the Debtor, but revenue was not received by the Debtor. The Debtor thereafter failed to fulfill its obligations to pay its creditors, creating unsecured debt in this case.

3

17. Blue Sugars executed purchase orders issued by the Debtor to its creditors on the Petrobas project. When payment was made, Blue Sugars paid for the good and services provided to the Debtor.

18. The Debtor has moved to sell equipment under 11 U.S.C. § 363(b) to a third party. *See* Dkt # 25. The Debtor intends pay the Bank and continue to pay its employees and other operating expenses with the sale proceeds.

19. The Debtor has moved to sell ethanol under 11 U.S.C. § 363(b) to a third party. *See* Dkt. # 65. The Debtor intends to pay its employees and other operating expenses with the sale proceeds.

20. In light of the pre- and post-petition actions of the Debtor and Blue Sugars, the Committee seeks authority to conduct examinations and request the production of documents under FedR.Bankr.P. 2004. *See* Dkt. # 64. Debtor objects to authorizing the Committee to conduct examinations. *See* Dkt. # 67.

**ARGUMENT AND AUTHORITY**

A. <u>Debtor's Lack of Operations, Revenue, Income and Inability to Rehabilitate, Coupled with Conflicts of Interest, Make Conversion of this Case Appropriate</u>.

21. The Court shall convert a chapter 11 case to a chapter 7 case, absent unusual circumstances that establish that the requested conversion is not in the best interest of the creditors and the estate, if the movant establishes cause. 11 U.S.C. § 1112(b)(1); *In re Thorbarsin Ranch, LLC,* 2011 WL 4498806 *2 (Bankr. D. Wyo. 2011). "Cause" to convert a case includes "substantial or continuing loss to or diminution of the estate and the absence of reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A).

22. The "loss and diminution" factor considers whether the debtor continues to experience a negative cash flow. *In re Wahlie*, 417 B.R. 8, 11 (Bankr. N.D. Ohio 2009). It also

4

concerns depreciation of assets that has diminished the estate. *Id.* Conversion is appropriate if the debtor experiences negative cash flow after the petition date. *Loop Corp. v. United States Trustee,* 379 F.3d 511, 515-16 (8th Cir. 2004); *In re Fall,* 405 B.R. 863, 867 (Bankr. N.D. Ohio 2009).

23. Here, the Debtor has suffered and continues to experience a negative cash flow. Specifically, the Debtor has experienced a negative cash flow of $37,943.00 per month. *See* MORs, Dkt Nos. 30, 63. The Debtor covers its negative cash flow through post-petition loans, which were provided by Blue Sugars without Court approval. The continued accrual of administrative expenses, including professional fees, is also diminishing the estate. Moreover, after incurring post-petition debt by disregarding the "notice and hearing" requirement in 11 U.S.C. §§ 364(c) and (d), the Debtor seeks further detriment by granting a superpriority lien to Blue Sugars, *nunc pro tunc*. *See* Dkt. # 20.

24. The ongoing detriment to the estate is clear. Instead of seeking Court approval for post-petition loans, the overlapping control by the same individual(s) allowed Blue Sugars to electronically transfer funds into the Debtor's post-petition DIP bank account. *See* MOR, Dkt. # 63, pp. 18-20. The Debtor is diminishing the estate by incurring additional debt, abusing its unilateral power, and breaching its fiduciary duty. If converted, a chapter 7 trustee will preserve value and expeditiously liquidate the estate assets for the benefit of the creditors.

25. The second portion of § 1112(b)(4)(A) requires a reasonable likelihood of rehabilitation. The reasonable likelihood of "rehabilitation" standard in § 1112(b)(4)(A) is a much more demanding standard than "reorganization." *In re Brutsche,* 476 B.R. 298, 301 (Bankr. D. N.M. 2012). "Rehabilitation is not another word for reorganization. Rehabilitation means to reestablish a business. Whereas confirmation of plan could include a liquidation plan,

5

rehabilitation does not include liquidation." *Id.* at 302 (citing 7 *Collier on Bankruptcy* ¶ 1112.04[6][a][ii] (Alan N. Resnick and Henry J. Sommer eds., 16th ed. (footnotes omitted))). The standard is whether the debtor's business prospects justify continuance of the reorganization effort. *Id.* at 301.

26. The Debtor is liquidating and therefore has no likelihood of rehabilitation. *See Loop Corp.*, 379 F.3d at 515. The Debtor does not operate as a going concern.

27. The Debtor has no income, no business, and no prospect of obtaining these. The "existence of an ongoing business is an inherent requirement for relief under chapter 11." *In re Blue Mountain Invs., Inc.*, No 90-4175S, 1991 WL 49710 at *3 (D. Kan. 1991). The Debtor has had no customers or source of funding other than Blue Sugars (and its predecessors). *See* Debtor's Motion, Dkt. # 20, p. 2, ¶ 4-5. Mr. Bolan testified at the § 341 hearing that the Debtor's only business is to provide services to Blue Sugars, its majority owner.

28. The Debtor's decision to take loans from Blue Sugars absent notice or hearing demonstrates the lack of rehabilitation. Providing a superpriority claim to Blue Sugars, after being the only source of funds for the Debtor, forecasts Blue Sugars' knowledge (and implicitly, the Debtor's knowledge) that the Debtor cannot repay its loan, much less rehabilitate or reorganize. The unilateral action in receiving $73,000.00 from Blue Sugars and requesting authority to grant a superpriority lien *nunc pro tunc* shows the Debtor's interest in protecting Blue Sugars, not its estate or creditors.

29. The best interests of the estate are served by conversion and eliminating the apparent conflict of interests surrounding the Debtor and Blue Sugars. The Debtor sold equipment subject to the Bank's secured lien without notifying the Bank. The Debtor failed to provide requested documents showing the location of these sale proceeds, promoting the

Committee's belief that the proceeds went to Blue Sugars. The Debtor also granted Blue Sugars an amended security interest for approximately $2 million a few days before filing this case.

30. The Committee believes it is necessary to investigate these circumstances through Rule 2004 examinations. Yet, the Debtor objects to this request as premature and challenges the relevance of the examinations. *See* Debtor's Objection, Dkt. # 67. Debtor's objection is disingenuous given its knowledge of the pre- and post-petition actions. It also shows that an independent party should be in control of the estate and claims that may be asserted against third parties. These claims include but are not limited to avoidance of Blue Sugars' security interest and the potential to recharacterize part or all of Blue Sugars' claim against the estate.

31. It is not in the best interest of the creditors and the estate to allow Debtor's Chapter 11 case to continue. Doing so only delays the inevitable conversion to a chapter 7 while depriving creditors the proceeds from liquidation of the estate assets. The Debtor only needs to liquidate assets; it has no operations to rehabilitate or reorganize.

32. Accordingly, this case should be converted under 11 U.S.C. § 1112(b)(4)(A). An independent chapter 7 trustee should review the Debtor's pre-petition transactions and identify claims against insiders or third parties. A trustee can equally preserve and sell the Debtor's assets, and conversion will alleviate the ongoing detriment to creditors and serve the best interests of the estate.

  B. <u>The Debtor Cannot Act in the Best Interests of the Estate Since Blue Sugars is the Alter Ego of the Debtor. If Conversion is Not Granted, the Court Should Appoint a Chapter 11 Trustee.</u>

33. This Court may order appointment of a chapter 11 trustee if it is in the interest of the estate and its creditors. 11 U.S.C. § 1104(a). Factors a court considers in appointing a chapter 11 trustee include the overall management of the debtor, both past and present; the trustworthiness of the debtor's management; the nature of and availability of financial records;

7

the movement of funds between the debtor and related entities; the ability of management to act as a fiduciary for the estate; and pragmatic considerations such as cost. *In re Rivermeadows Assoc., Ltd.,* 185 B.R. 615, 617 (Bankr. D. Wyo. 1995).

34.     "Deep-seeded conflict and animosity between a debtor and its creditors provides a basis for the appointment of a trustee." *Petit v. New England Mort. Servs.*, 182 B.R. 64, 70 (D. Me. 1995); *See also In re Colorado-Ute Elec. Assoc., Inc.* 120 B.R. 164, 175-76 (Bankr. D. Colo. 1990) (finding cause to appoint trustee when the court could not "envision a way for the current management and board to resolve the inherent conflict between what is best for Colorado-Ute, its creditors, and the co-op members.")

35.     The Committee believes Blue Sugars is the alter ego of the Debtor.  The companies have overlapping managers and, in at least one circumstance, the Debtor incurred liability on a project in which revenue received from the project were or will be sent directly to Blue Sugars.  These liabilities created Debtor's unsecured claims.  The Debtor and its managers abused corporate formalities to insulate Blue Sugars from liability.  These pre-petition actions must be investigated and pursued.  The Debtor's conflict is irreconcilable.  Its management cannot act as a fiduciary for the estate.

36.     Moreover, the Debtor sold equipment otherwise available to creditors, and Blue Sugars apparently received the proceeds.  The Debtor took post-petition financing without Court authority, is attempting to preclude the Committee's investigation of potential wrongdoing and causes of action, and has filed motions seeking to sell estate property to benefit its own members at the expense of the estate.  Under these facts, the Debtor's current management cannot continue.

37. An appointment of a chapter 11 trustee will preserve the integrity of the bankruptcy process and insure that the interest of creditors are served. *See In re Embrace Systems Corp.,* 178 B.R. 112, 128 (Bankr. W. D. Mich. 1995) (appointing a trustee when the debtor's president was more concerned about a non-debtor's future business than the success of the debtor's chapter 11 case). An impartial trustee will ensure estate assets are being preserve with reasonable cost and effectiveness. The assets can be liquidated efficiently providing benefit to the creditors, and the trustee can analyze and pursue appropriate causes of action held by the estate.

38. Importantly, the Committee requests appointment of chapter 11 trustee in the alternative, since the inability of the Debtor to reorganize should preclude additional chapter 11 administrative expenses.

Dated this 12th day of February, 2013.

                                      LINDQUIST & VENNUM L.L.P.

                                      By /s/ Ethan J. Birnberg
                                          John C. Smiley, #5-2381
                                          Ethan J. Birnberg, #7-4761
                                    600 17th Street, Suite 1800 South
                                    Denver, CO, 80202-5441
                                    Telephone: (303) 573-5900
                                    Facsimile: (303) 573-1956
                                    E-mail: jsmiley@lindquist.com
                                    E-mail: ebirnberg@lindquist.com

                                    Counsel for the Official Unsecured Creditors' Committee

## CERTIFICATE OF SERVICE

    I, Brandon Blessing, do hereby certify that on February 12, 2013, copies of the foregoing **MOTION TO CONVERT CASE TO CHAPTER 7 OR, IN THE ALTERNATIVE, MOTION FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE** were served by electronic mail and/or by placing the same in the U.S. Mail, postage prepaid, to the parties on the attached lists:

                                  */s/ Brandon Blessing*
                                  Brandon Blessing

Western Biomass Energy
12-21085
CM/ECF Mailing Matrix

- Ethan J. Birnberg ebirnberg@lindquist.com, bblessing@lindquist.com
- Gregory C. Dyekman greg.dyekman@draylaw.com, GCDWyo@aol.com; monica.lincoln@draylaw.com
- Bradley T Hunsicker brad@winshipandwinship.com, gayleenwilde@winshipandwinship.com; billie@winshipandwinship.com; receptionist@winshipandwinship.com
- James P. Hurley jhurley@bangsmccullen.com, dellingson@bangsmccullen.com
- Mark E. Macy mark@macylaw.net, office@macylaw.net
- Daniel J. Morse daniel.j.morse@usdoj.gov
- John C. Smiley jsmiley@lindquist.com, stoms@lindquist.com; hlewis@lindquist.com; mgilbert@lindquist.com
- US Trustee USTPRegion19.cy.ecf@usdoj.gov
- Stephen R. Winship steve@winshipandwinship.com, gayleenwilde@winshipandwinship.com; don@winshipandwinship.com; billie@winshipandwinship.com; brad@winshipandwinship.com
- Timothy L. Woznick Tim.Woznick@draylaw.com, monica.lincoln@draylaw.com

```
Label Matrix for local noticing           AIM Investments                          Abstract Logic Systems
1089-2                                    PO Box 4729                              2050 West Main Street, #7
Case 12-21085                             Houston, TX 77210-4729                   Rapid City, SD 57702-2493
District of Wyoming
Cheyenne
Tue Feb 12 08:20:27 MST 2013

Airgas Intermountain inc                  Airgas USA, LLC                          Anderson Pump & Process
PO Box 7430                               Attn: Lisa Menton                        24107 Network Place
Pasadena, CA 91109-7430                   110 West Seventh Street, Suite 1300      Chicago, IL 60673-1241
                                          Tulsa, OK 74119-1106


Andritz Enviroment & Process              Arrow Service Inc                        B-4 Automotive
Dept 0312                                 PO Box 530                               1101 2nd Street
PO Box 120312                             Upton, WY 82730-0530                     PO Box 165
Dallas, TX 75312-0312                                                              Upton, WY 82730-0165


Babbit International Inc                  Batory Foods                             Batory Foods, Inc.
PO Box 70094                              1700 E. Higgins Rd., Suite 300           PO Box 75162
Houston, TX 77270-0094                    Des Plaines, IL 60018-3800               Chicago, IL 60675-5162


Ben Estep                                 Bio Springer North America               Ethan J. Birnberg
107 Cascade Ave                           321 de la Commune, #300                  Lindquist & Vennum P.L.L.P.
Newcastle, WY 82701-3003                  Montreal QC Canada H2Y 2E1               600 17th Street Suite 1800 South
                                                                                   Denver, CO 80202-5402


Black Hawk Crane & Rigging                Blue Cross Blue Shield of Wyoming        Blue Sugars Corporation
PO Box 662                                PO Box 2266                              525 University Loop, #111
Gillette, WY 82717-0662                   Cheyenne, WY 82003-2266                  Rapid City, SD 57701-4034


Border States Electric-RPC                Brookfield Engineering Laboratories      Casey Peterson & Associates
774 Industrial Ave                        11 Commerce Blvd                         PO Box 8127
Rapid City, SD 57702-0328                 Middleboro, MA 02346-1031                Rapid City, SD 57709-8127


Chase Smith                               Chris Fagg                               Cody Gallaher
101 1/2 Garner Lake Road                  1710 Gray Blvd                           2311 2nd Ave SW
Gillette, WY 82718-8254                   Newcastle, WY 82701-3130                 Rochester, MN 55902-2346


Corision Fluid Products                   Dakota Business Center                   Donaldson Co
Dept 78278                                PO Box 2353                              96869 Collection Center Drive
PO Box 78000                              Rapid City, SD 57709-2353                Chicago, IL 60693-0968
Detroit, MI 48278-0278


Gregory C. Dyekman                        First National Bank of Omaha             GDS Consult SA
Dray, Dyekman, Reed & Healey, P.C.        1620 Dodge Street, Stop 1050             147 Rue d'Eglise
204 East 22nd Street                      Omaha, NE 68197-0002                     Brussels, B-1150 Belgium
Cheyenne, WY 82001-3799
```

```
Gillette Steel Center                Grainger                             Greenberg & Traurig
PO Box 2196                          Dept. 874055577                      Attn Raymond Lee
Gillette, WY 82717-2196              PO Box 419267                        3161 Michelson Drive, #1000
                                     Kansas City, MO 64141-6267           Irvine, CA 92612-4410


Greg Blankenship                     Bradley T Hunsicker                  James P. Hurley
3413 Wisconsin Ave                   WINSHIP & WINSHIP, P.C.              Bangs,McCullen, Butler, Foye & Simmons
Rapid City, SD 57701-7332            100 N Center, 6th Floor              P.O. Box 2670
                                     Casper, WY 82601-1928                Rapid City, SD 57709-2670


I-90 Cold Storage Co                 Internal Revenue Service             James Jandrain
4711 South  1-90 Service Road        PO Box 7346                          3610 Dodge Street, #212
Rapid City, SD 57703                 Philadelphia, PA 19101-7346          Omaha, NE 68131-3218


Jeff Hargrave                        Joe's Food Center                    Justin Krueger
PO Box 377                           PO Box 770                           PO Box 812
Upton, WY 82730-0377                 Upton, WY 82730-0770                 Upton, WY 82730-0812


KL Energy                            Kimball Midwest                      Randall Kramer
525 University Loop, #111            Dept.  L-2780                        4037 Valley West Drive
Rapid City, SD 57701-4034            Columbus, OH 43260-2780              Rapid City, SD 57702-3158


L&H Industrial, Inc.                 Lansing Securities                   Linda Klaasmeyer
913 L&J Court                        Greenberg & Traurig                  3610 Dodge Street, #212
Gillette, WY 82718                   Attn Raymond Lee                     Omaha, NE 68131-3218
                                     3161 Michelson Drive, #1000
                                     Irvine, CA 92612-4410


Linda Klaasmeyer                     MG Oil Company                       MGTC, Inc
c/o Warren R. Whitted, Jr., Lieben, Whit  PO Box 1006                     PO Box 730467
6457 Frances Street, Suite 100       Rapid City, SD 57709-1006            Dallas, TX 75373-0467
Omaha, NE 68106-2278


MOTION INDUSTRIES                    Mark E. Macy                         Martin Trans-Logics, Inc.
PO BOX 1477                          Macy Law Office, P.C.                PO Box 59
BIRMINGHAM, AL 35201-1477            217 West 18th Street                 3601 W Tickman Street
                                     Cheyenne, WY 82001-4413              Sioux Falls, SD 57107-0122


Matheson Tri-Gas Inc.                McMaster-Carr                        Midland Scientific, Inc.
PO Box 845502                        PO Box 7690                          PO Box 310304
Dallas, TX 75284-5502                Chicago, IL 60680-7690               Des Moines, IA 50331-0304


Midwest Mechanical Contractors, inc  Midwest Renewable Energy LLC         Miller Fabrication, LLC
13800 Wyandotte Street               c/o Jerrod L. Strasheim              Department 254
Kansas City, MO 64145-1518           3610 Dodge Street, #212              PO Box 4652
                                     Omaha, NE 68131-3218                 Houston, TX 77210-4652
```

Mobile Mini Inc
PO Box 79149
Phoenix, AZ 85062-9149

Mobile Storage Rentals Inc
2830 Eglin
Rapid City, SD 57703-9573

Mobile Storage Rentals Inc.
2830 Eglin Street
Rapid City, SD 57703-9573


Daniel J. Morse
Assistant U.S. Trustee
308 West 21st Street, Room 203
Cheyenne, WY 82001-3669

Motion Industries
PO Box 98412
Chicago, IL 60693-8412

NRM Company
4771 Sweetwater Blvd
Suger Land, TX 77479-3121


Norco Inc
PO Box 15299
Boise, ID 83715-5299

North Park Transportation Co
5150 Columbine Street
Denver, CO 80216-2305

Northwest Instruments & Controls
2601 Midpoint Drive, #120
Fort Collins, CO 80525-4448


Ole's Trash Service
PO Box 45
667 Green Mountain Road
Upton, WY 82730-0045

Perry West
PO Box 693
Upton, WY 82730-0693

Pound Printing Inc.
372 Jackson Street
PO Box 502
Blair, NE 68008-0502


Powder River Energy Corp
PO Box 930
Sundance, WY 82729-0930

Powder River Energy Corporation
P.O. Box 930
Sundance, WY 82729-0930
Attn: Pam Stinson

ProMAAC Systems Inc
3903 Garman Road
Gillette, WY 82716-1533


Process Networks Plus, Inc
651 B US Highway 183, #33557
Leander, TX 78641

Randy Hurte
616 Pine Street
Newcastle, WY 82701-2522

Richard McGinnis
308 West Cambria Street
Newcastle, WY 82701-2112


(c)ROBERT'S MACHINE & REPAIR
10 FROLANDER RD
SUNDANCE WY  82729-9232

Security National Bank of Omaha
c/o Dray, Dyekman, Reed & Healey, P.C.
Gregory C. Dyekman
204 East 22nd Street
Cheyenne, WY 82001-3729

Security National Bank of Omaha
PO Box 31400
Omaha, NE 68131-0400


Signet Global Investors Limited
Attn Philip Boylan
5th Floor Beau Lane House
Mercer Street Lower
Dublin, Ireland 2

Signet Multi Manager SPC Inc
C/O SS&C Glove Op
Beaux Lane House
Mercer Street Lower
Dublin 2, Ireland

Slade Inc
181 Crawford Road
Statesville, NC 28625-8546


John C. Smiley
Lindquist & Vennum P.L.L.P
600 17th Street
Suite 1800 South
Denver, CO 80202-5402

Smith Engineering Inc
125 Columbia Court
Chaska, MN 55318-2348

Snow Crest Chemicals
PO Box 50584
Billings, MT 59105-0584


South Fork Apartments
4500 Running W Drive
Gillette, WY 82718-2024

Stephanie Rikke
PO Box 35
Utpon, WY 82730-0035

Steve McNutt
PO Box 311
Upton, WY 82730-0311

| | | |
|---|---|---|
| Sulzer Chemtech USA Inc<br>PO Box 700480<br>Tulsa, OK 74170-0480 | TMF Trustees Singapore<br>Trustee for John Eric Buckens<br>Brumby House, Jalan Bahasa<br>Box 80148<br>Lubuan F.T., Malaysia 87011 | Tanner Lange<br>7021 Blacktooth Ave<br>Gillette, WY 82718-7007 |
| Tech-Flow<br>PO Box 219<br>Layton, UT 84041-0219 | Theodore Hazer<br>14210 Hamilton Street<br>Omaha, NE 68154-5119 | Tiger Transfer, LLC<br>P.O. Box 255<br>Upton, WY 82730-0255 |
| Todd Rehling<br>PO Box 486<br>Upton, WY 82730-0486 | Tom Nehl<br>Box 592<br>1118 Redwood Ave<br>Upton, WY 82730-0592 | Town of Upton<br>PO Box 203<br>Upton, WY 82730-0203 |
| Ty Kennedy<br>PO Box 206<br>Upton, WY 82730-0206 | UNUM Life Insurance<br>2211 Congress Street<br>Portland, MA 04122-0003 | US Trustee<br>308 West 21st Street, 2nd Floor<br>Cheyenne, WY 82001-3669 |
| United Rentals<br>PO Box 840514<br>Dallas, TX 75284-0514 | United Rentals (North America) Inc.<br>3200 Harbor Lane N<br>Minneapolis, MN 55447-5278 | University of Tennessee<br>Institute of Agriculture<br>103 Morgan Hall<br>Knoxville, TN 37996-4506 |
| Upton Coop<br>PO Box 210<br>Upton, WY 82730-0210 | Voith Meri Environmental Solutions<br>PO Box 1262<br>Appleton, WI 54912-1262 | Warcoing Sucre SA<br>Rue Gachard 88/16<br>Brussels, Belgium 1050 |
| Water Tree, Inc.<br>2447 West Main Street<br>Rapid City, SD 57702-2421 | Western Biomass Energy LLC<br>525 University Loop, #111<br>Rapid City, SD 57701-4034 | Western Dakota Insurors, Inc.<br>PO Box 1300<br>Rapid City, SD 57709-1300 |
| Western Industrial Contractors<br>14805 East Moncrieff Place<br>Aurora, CO 80011-1207 | Weston County Development Board<br>PO Box 255<br>Upton, WY 82730-0255 | Weston County Treasurer<br>1 Main Street<br>Newcastle, WY 82701-2121 |
| Stephen R. Winship<br>Winship & Winship, PC<br>P. O. Box 548<br>Casper, WY 82602-0548 | Timothy L. Woznick<br>Dray, Dyekman, Reed & Healey, P.C.<br>204 East 22nd Street<br>Cheyenne, WY 82001-3799 | Wyoming Department of Revenue<br>122 West 25th Street<br>Herscher Building<br>Cheyenne, WY 82002-0110 |
| Zook Enterprises LLC<br>PO Box 73968<br>Cleveland, OH 44193-0002 | | |

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

Robert's Machine & Repair
19652 US Hwy 14
Sundance, WY 82729

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Heinrich Frings GmbH & Co. KG　　　　　(d)Internal Revenue Service　　　　　　(d)Mark E. Macy
Post fach 1540　　　　　　　　　　　　　　P.O. Box 7346　　　　　　　　　　　　Macy Law Office, P.C.
53005 Bonn　　　　　　　　　　　　　　　Philadelphia, PA 19101-7346　　　　　217 West 18th Street
www.frings.com　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Cheyenne, WY 82001-4413


(u)Peter J. McNiff　　　　　　　　　　　(u)Official Unsecured Creditors' Committee　　(d)Randall Kramer
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　4037 Valley West Drive
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Rapid City, SD 57702-3158


(d)Tiger Transfer, LLC　　　　　　　　　End of Label Matrix
PO box 255　　　　　　　　　　　　　　　Mailable recipients   117
Upton, WY 82730-0255　　　　　　　　　 Bypassed recipients     7
　　　　　　　　　　　　　　　　　　　　Total                 124