Brad T. Hunsicker
(Wyoming State Bar No. 7-4579)
WINSHIP & WINSHIP. P.C.
100 N. Center, Sixth Floor
PO Box 548, Casper, WY  82602
(307) 234-8991  Fax (307) 234-1116

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: ) | |
| ) | |
| WESTERN BIOMASS ENERGY, LLC, ) | Case No. 12-21085 |
| ) | CHAPTER 11 |
| Debtor. ) | |
| ) | |

### OBJECTION TO THE UNITED STATES TRUSTEE'S MOTION TO CONVERT THIS CHAPTER 11 CASE PURSUANT TO 11 U.S.C. § 1112(b)

**COMES NOW** Western Biomass Energy, LLC ("WBE"), as Debtor-in-Possession, by and through its counsel, and hereby objects to the *United States Trustee's* ("USTO") *Motion to Convert this Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b)* ("Motion") filed herein, and in support hereof shows the Court as follows:

1.  The USTO's Motion is premature in that pending before this Court is an *Objection to Sale and Motion for Entry of an Order Denying Confirmation of the Sale of Substantially all of Debtor's Assets Free and Clear of Liens, Claims and Interests and Setting Aside Sale* ("Sale Objection") filed by Security National Bank of Omaha (the "Bank"), and a *Motion to Approve Sale of Personal Property* ("Sale Motion") and a *Motion to Approve Settlement Agreement* ("Settlement Agreement Motion") both filed by WBE.

2.  If the Sale Objection, Sale Motion and Settlement Agreement Motion are granted, WBE's bankruptcy estate stands to benefit greatly.  In fact, if granted, it is anticipated that all administrative claimants will be paid and unsecured creditors will receive a distribution.

3. In the alternative, if the USTO's Motion is granted, any return to administrative claimants and unsecured creditors is highly speculative.

4. While WBE concedes that Monthly Operating Reports have not been timely filed in recent months, WBE's business activity has essentially ceased. In fact, WBE has no employees and considered this case a Chapter 7 candidate after the conclusion of the auction sale that occurred on June 11-12, 2013. Given the pending matters now before the Court, the landscape has significantly changed and these pending matters ought to "play out" prior to any conversion to a Chapter 7.

5. In order for the USTO's Motion to have merit, a conversion must be "in the best interests of creditors and the estate." See 11 U.S.C. § 1112(b). In this instance, a conversion would be a complete catastrophe. WBE, the Committee and the estate's largest secured creditor, the Bank, have but forth a tremendous amount of effort as of late to ensure creditors receive a distribution. WBE, and its estate, should be given an opportunity to bring these efforts to fruition.

6. In sum, the USTO's Motion is premature and is not ripe for discussion until such time as the Sale Objection, Sale Motion and Settlement Agreement Motion are ruled upon by the Court.

**WHEREFORE**, WBE prays that this Court deny the Motion filed on behalf of the United States Trustee for the conversion of this case to one under Chapter 7 on the basis that it is premature.

**DATED** this 26th day of July, 2013.

> WESTERN BIOMASS ENERGY, LLC
>
> By:__/s/_____
>   Brad T. Hunsicker

                (Wyoming State Bar No. 7-4579)
                WINSHIP & WINSHIP. P.C.
                100 N. Center, Sixth Floor
                PO Box 548, Casper, WY  82602
                (307) 234-8991  Fax (307) 234-1116

## CERTIFICATE OF SERVICE

I, Brad T. Hunsicker, hereby certify that a true and correct copy of the foregoing **Objection to United States Trustee's Motion to Convert this Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b)** was served upon the **Office of the United States Trustee** and **all Parties** registered on the **CM/ECF Electronic Mailing System,** *electronically*, this 26th day of July, 2013.

                ___/s/_____
                Brad T. Hunsicker