# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF WYOMING

In re

WESTERN BIOMASS ENERGY, LLC,                Case No. 12-21085

        Debtor-in-Possession.               Chapter 11

## ORDER APPROVING SALE OF PERSONAL PROPERTY TO AMERICAN PROCESS, INC.

The Court has considered the *Motion for Approval of Sale of Personal Property* [Docket No. 194] (the "Motion")[1] filed by the Debtor-in-Possession Western Biomass Energy, LLC ("WBE"). Through the Motion, WBE seeks the Court's authorization to sell certain of WBE's assets free and clear of all liens, claims, encumbrances, and interests according to the terms and conditions described in the Motion and in the Offer to Purchase WBE Ethanol Facility by American Process, Inc. dated June 25, 2013 (the "Offer"). The assets subject to the Motion (the "Assets") are described in the Offer, and include but are not limited to the property described in more detail in Exhibit A to the Motion and in the Equipment List attached to this Order. The Assets include the property described in the Offer, Exhibit A to the Motion and Equipment List, copies of which are attached to this Order. The Assets exclude only: i) the property of the WBE Facility (as described in the Offer) sold by WBE prior to filing its Chapter 11 petition, and ii) any property for which this Court has entered an order approving such sale after WBE filed its Chapter 11 petition (such orders, however do not include the Court's Amended Order Authorizing and Approving Auction Sale of Substantially All of the Debtor's Assets Free and Clear of Liens, Claims and Interests [Docket No.148, May 2, 2013]).

---

[1] All of the capitalized terms used in this Order, unless otherwise indicated, shall have the meanings ascribed to them in the Motion.

**IT IS HEREBY FOUND AND CONCLUDED,** that**:**

A. This Court has jurisdiction to hear and determine the Motion pursuant to 28 Chapter 11 of the United States Bankruptcy Code (the "<u>Bankruptcy Code</u>").  U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Determination of the Motion is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (M), (N) and (O).  The statutory predicates for the relief requested herein are Sections 105(a), 363, 365 and 1146(c) of the Bankruptcy Code and Rules 2002, 6004, 6006, 9006 and 9008 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

C. Proper, timely, adequate and sufficient notice of the Motion has been given under the circumstances of this case and no other or further notice of the Motion or of the entry of this Order is required.

D. The sale of WBE's Assets as contemplated by the Offer (the "<u>Purchase Agreement</u>") with American Process, Inc. ("<u>API</u>"), is fair and reasonable and the negotiations of the Purchase Agreement were conducted in good faith and at arm's length.

E. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested persons and entities, including (i) all parties, if any, who are known to claim a property interest in, or any lien, claim, encumbrance or adverse interest in any Assets, (ii) all governmental taxing authorities who have or may have a Claim (as defined by the Bankruptcy Code) against WBE; (iii) all creditors and other parties who have filed a notice of appearance in this case; and (iv) the United States Trustee for the District of Wyoming.  The Court conducted an evidentiary hearing on the Motion on July 30, 2013 and its factual findings are based on the Court's consideration of the evidence presented to the Court at the hearing.

F.  WBE has authority to execute, deliver and perform the Purchase Agreement and all other documents contemplated thereby and to consummate the transaction as set forth herein.

G.  The sale of the Assets to API is in the best interests of WBE, its creditors and its estate. WBE has demonstrated and proven to the satisfaction of the Court good, sufficient and sound business purpose and justification for the transaction and entry of this Order. The entry of this Order and the approval of the Purchase Agreement are necessary and appropriate to maximize the value of the estate. After consideration of the circumstances described in the Motion and evidentiary hearing, the Court has determined that the Purchase Agreement presents the best opportunity for WBE to realize the highest distribution possible to creditors.

H.  The purchase price set forth in the Purchase Agreement constitutes fair and reasonable consideration and reasonably equivalent value for the Assets.

I.  The transfer of the Assets, as set forth in more detail in the Purchase Agreement: (i) is or will be the legal, valid and effective transfer of the property of WBE's estate to API, and (ii) vest or will vest in API all right, title, and interest of WBE in and to all of the Assets free and clear of all liens, claims, encumbrances, adverse interests, liabilities and obligations (to the fullest extent permitted by the Bankruptcy Code).

J.  API has demonstrated its financial ability to consummate the transaction contemplated in the Motion and Purchase Agreement and has agreed to pay the purchase no later than August 15, 2013.

K.  Each entity with a lien, claim, encumbrance or adverse interest (to the fullest extent permitted by the Bankruptcy Code and other applicable law) in the Assets has

consented to the transaction, is deemed to have consented to the transaction, or could be compelled in a legal or equitable proceeding to accept a money satisfaction of such lien, claim, encumbrance or adverse interest (to the fullest extent permitted by the Bankruptcy Code and other applicable law), or the transaction otherwise satisfies the requirements of Section 363(f) of the Bankruptcy Code.

L. All of the actions taken by API and WBE and their respective officers, employees, counsel, financial advisors and other professionals in connection with the Purchase Agreement, the Motion and this Order have been taken in good faith, and API is a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code because, among other reasons:

(a) API is not an "insider" of WBE, as the term is defined in the Bankruptcy Code;

(b) API is unrelated to WBE;

(c) The Purchase Agreement was negotiated, proposed, and entered into by WBE and API without collusion, in good faith, and from arm's-length bargaining positions;

(d) The purchase price was not controlled by an agreement between potential and actual bidders within the meaning of Section 363(n) of the Bankruptcy Code;

(e) Neither API nor WBE has engaged in any conduct that would cause the transactions contemplated by the Purchase Agreement to be avoided as contemplated in Section 363(n) of the Bankruptcy Code; and

(f) In the absence of a stay pending appeal, API will be acting in good faith within the meaning of Section 363(m) of the Bankruptcy Code in closing and consummating the transaction as contemplated by the Purchase Agreement at any time after the entry of this Order, and accordingly, such closing in the face of an appeal will not deprive API of his status as a good faith purchaser.

M. Except as otherwise provided in this Order and/or the Purchase Agreement, neither API nor any of its successors, assigns, or affiliates is assuming any of the liens, claims, encumbrances, adverse interests, obligations or liabilities against the Assets.

N.   There is no common identity among WBE and API.

O.   No bulk sales law or any similar law applies in any way to the transfer of the Assets under the Purchase Agreement.

P.   Except as otherwise provided in this Order or under applicable state or local statute or regulation governing transfer taxes, the transfer to API of the Assets does not and will not subject API or any of his successors or assigns to any liability for claims against WBE by reason of such transfer under the laws of the United States, any state, territory or possession thereof or the District of Columbia applicable to such transaction.

**IT IS THEREFORE:**

1.   **ORDERED**, that the Motion is **GRANTED** as modified herein and all objections to the Motion are overruled; and

2.   **ORDERED**, that the findings of fact set forth above and conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014 and the fact that the findings of fact and conclusions of law set forth herein are not in a separate document shall not affect the relief granted herein, this Order's binding effect, or the right of any party to appeal this order or the time within which an appeal may be taken. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed; and it is further

3.   **ORDERED**, that any objections to the Motion or the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled on the merits; and it is further

4.     **ORDERED**, that all of the terms and conditions of the Purchase Agreement hereby are approved in all respects, and the sale of the Assets pursuant to the Purchase Agreement is hereby authorized under Sections 363(b) and (f) of the Bankruptcy Code. The omission in this Order of specific reference to any provision of the Purchase Agreement shall not impair of diminish the efficacy, propriety, or approval of such provision; and it is further

5.     **ORDERED**, that no later than August 15, 2013 API shall pay the purchase price to WBE upon satisfaction of all of the terms of the Purchase Agreement; and it is further

6.     **ORDERED**, that by the issuance of this Order, WBE is authorized and directed to execute and deliver, and empowered to fully perform under, consummate and implement, the Purchase Agreement and all additional amendments, instruments, and documents that may by reasonably necessary or desirable to implement the Purchase Agreement and to take all further actions as may reasonably be requested by API for the purpose of assigning, transferring, granting, conveying and conferring to API or its designee, and reducing to the possession of API or its designee, any or all of the Assets; and it is further

7.     **ORDERED**, that pursuant to Sections 363(f) and 105(a) of the Bankruptcy Code, title to all of the Assets shall be transferred to API or its designee in accordance with the terms and conditions of the Purchase Agreement (or thereafter as provided therein), free and clear of all liens, claims, encumbrances, adverse interests, liabilities and obligations to the fullest extent permitted by the Bankruptcy Code and applicable law, and all parties with an interest of record in the Assets shall execute and deliver to API a conveyance or release

of such interest. In addition, the lien or other interest of parties holding perfected security or other interests in the Assets shall attach to the proceeds of sale paid by API; and it is further

8. **ORDERED**, that the transaction contemplated in the Motion and Purchase Agreement between API and WBE shall close not later than August 15, 2013; ; and it is further

9. **ORDERED, that** this Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rule 6004(h), the Court expressly finds that there is no just reason for delay in the implementation of this Order; and it is further

10. **ORDERED,** that this order shall not interfere with or otherwise affect any perfected security interest of Security National Bank of Omaha in any property formerly owned by WBE that was sold prior to filing its bankruptcy petition; and it is further

11. **ORDERED** that this Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated this ___ day of July, 2013.

BY THE COURT:

_____
Hon. Peter J. McNiff
United States Bankruptcy Judge

**APPROVED AS TO FORM:**

_____/s/_____
**Western Biomass Energy, LLC**
**By: Bradley T. Hunsicker**


_____/s/_____
**American Process, Inc.**
**By: James R. Belcher**


_____/s/_____
**Security National Bank of Omaha**
**By: Gregory C. Dyekman**